UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VERONICA F.,

                    Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. C20-1015-BAT

**ORDER REVERSING THE COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding she is not disabled. The ALJ found fibromyalgia and degenerative disc disease are severe impairments, Plaintiff has the residual functional capacity (RFC) to perform medium level work with additional limitations, and she is not disabled because there are jobs in the national economy she can perform. Tr. 15-25. Plaintiff contends the ALJ erroneously rejected her testimony, and the Court should remand the case for further proceedings. Dkt. 12 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

The case rises and falls on the ALJ's assessment of plaintiff's testimony. The ALJ did not find malingering and thus was required to making specific findings stating clear and convincing reasons supported by substantial evidence to reject Plaintiff's testimony. *Smolen v. Chater*, 80

1   F.3d 1273, 1283-84 (9th Cir. 1996). "General findings are insufficient; rather, the ALJ must

2   identify what testimony is not credible and what evidence undermines the claimant's

3   complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). Here, the ALJ noted Plaintiff

4   "alleges she is unable to work because of pain," and "can lift only 10 pounds, sit for 30-60

5   minutes and walk for 30-60 minutes. She also has problems with fatigue." Tr. 21.  The ALJ

6   stated Plaintiff's "back pain and the fibromyalgia . . . definitely could cause . . . some

7   limitations," Tr. 35, but rejected Plaintiff's testimony concerning the severity of her symptoms as

8   "out of proportion to the objective medical evidence of record." Tr. 21.

9         Plaintiff contends the ALJ erred because her claimed limitations are related to pain and

10   fatigue caused by fibromyalgia and none of the reasons the ALJ relied upon contradict her

11   testimony. *See* Dkt. 14 at 1. The ALJ discounted Plaintiff's testimony for several reasons. The

12   ALJ found the imaging results contained in Plaintiff's medical records undercut her testimony. In

13   specific, the ALJ noted plaintiff's December 2012 x-rays of the lumbar spine were unremarkable,

14   her June 2013 CT of the cervical spine showed no fracture or osseous lesions, and her October

15   2014 MRI of the lumbar spine showed multilevel disc bulges but no canal stenosis or foraminal

16   narrowing or abnormal sacroiliac joint signs. *Id.*

17         Plaintiff contends the ALJ's reliance on her imaging test results is erroneous, because

18   her x-rays, CT scans, and MRIs do not contradict her testimony that she suffers from pain and

19   fatigue caused by fibromyalgia. The Court agrees. X-rays were taken in December 2012 because

20   Plaintiff had complaints of "pain over a sprain." Tr. 478. The x-ray results were not taken to

21   diagnose pain caused by fibromyalgia and the treatment notes the ALJ cited regarding the

22   December x-ray lack any discussion of fibromyalgia or an assessment of its severity. *See* Tr.

23   479-481. The same is true for Plaintiff's CT scan the following year in June 2013, which was

ORDER REVERSING THE COMMISSIONER AND REMANDING FOR
FURTHER PROCEEDINGS - 2

taken after a car accident and not to diagnose or assess fibromyalgia. Tr. 501, and Plaintiff's 2014 MRI, which was taken to evaluate Plaintiff's lumbar spine; the 2014 MRI neither supported nor disputed a fibromyalgia diagnosis or clinically evaluated the condition. *See* Tr. 1080-81. The record thus establishes the imaging results relied upon by the ALJ do not contradict plaintiff's testimony that she cannot work due to fibromyalgia pain and fatigue.

Moreover, the Ninth Circuit has made clear that "mostly normal results" of imaging tests "are perfectly consistent with debilitating fibromyalgia," *Revels v. Berryhill*, 874 F.3d 648, 666 (9th Cir. 2017), and that ALJs err "by effectively requiring objective evidence for a disease that eludes such measurement," *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004). In sum, the Court concludes substantial evidence does not support the ALJ's finding that the imaging test results contradict plaintiff's testimony.

The ALJ also rejected Plaintiff's testimony as inconsistent with clinical exam findings. Tr. 21-22. In specific, the ALJ noted Plaintiff's clinical exam findings showed she had negative leg raise, normal gait, normal strength and tone, normal range of motion, and at times negative tender point examinations. Tr. 21. Plaintiff correctly argues these clinical findings do not contradict her claim fibromyalgia causes disabling pain and fatigue. The Ninth Circuit has held these types of findings are not inconsistent with fibromyalgia. *See Revels v. Berryhill*, 874 F.3d at 666 (holding in the context of a fibromyalgia claimant, the ALJ's citation to "normal muscle strength, tone, and stability, as well as a normal range of motion" was "erroneous"); *Id.* at 663 ("A person with fibromyalgia may have muscle strength, sensory functions and reflexes that are normal.").

The ALJ also noted at times Plaintiff had "negative tender point examinations." The notation suggests the ALJ felt Plaintiff's fibromyalgia did not cause her as severe pain and

fatigue as she claimed. But the ALJ provided no explanation regarding this suggestion and this notation is thus not a clear or convincing reason to reject Plaintiff's testimony. Additionally, the suggestion Plaintiff's fibromyalgia does not significantly affect Plaintiff's functioning is inconsistent with the ALJ's finding at step two that fibromyalgia is a severe impairment, Tr. 17, and the ALJ's finding this severe impairment could be reasonably expected to cause some of her claimed symptoms.

The ALJ further rejected Plaintiff's testimony based upon the course of her treatment and progress, specifically noting she "described her pain as intermittent in July 2014," found physical therapy helpful, and was discharged from physical therapy in September 2014;, went camping one weekend in 2015; and was "doing well overall" with Lyrica, a pain medication. Tr. 21-22. Plaintiff contends the ALJ's reliance on these grounds is erroneous. The Court addresses each in turn.

First, Plaintiff maintains her discharge from physical therapy "does not at all mean Plaintiff did not suffer from fibromyalgia or that her condition was mild." Dkt 12 at 4. Plaintiff was discharged from physical therapy in September 2014. A review of medical records from the ensuing months shows physical therapy did not ameliorate Plaintiff's pain. On September 30, 2014, she had "severe" pain – a problem that was "worsening" and occurring "persistently." Tr. 528. On October 10, 2014, she "still" had severe pain. Tr. 524. On January 9, 2015 she reported back pain and fatigue. Tr. 520-21. On March 12, 2015, "pain involve[d] her entire body." Tr. 594. Accordingly, the ALJ's rationale is not supported by substantial evidence.

Also, the ALJ's finding Plaintiff's pain is intermittent suggests the ALJ determined Plaintiff's pain complaints were either not chronic or did not occur with the frequency she claimed. The medical record upon which the ALJ relied states Plaintiff's pain is a problem that is

"fluctuating," "occurs intermittently," and is "aggravated by daily activities and lifting," Tr. 546. The doctor preparing this medical note did not indicate that Plaintiff's "intermittent" pain was a passing or once-in-a-while problem. Rather, the doctor diagnosed "back pain chronic" and ordered a referral to physical therapy, anti-inflammatories, and follow-up as needed. Tr. 548. Additionally, as Plaintiff notes, her medical record establishes that her pain complaints were not infrequent or isolated but occurred regularly over many years. *See* Dkt.12 at 7.

Next, Plaintiff argues the ALJ "penalize[d] Plaintiff for attempting, on one singular occasion, to lead a normal life by going camping." Dkt 14 at 4. The ALJ may not discount a Plaintiff's testimony based upon activities that involve an attempt to lead a normal life. The Ninth Circuit has repeatedly held the mere fact a Plaintiff has carried on a certain daily activity is not grounds alone to reject the Plaintiff's testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Only if the Plaintiff's level of activity were inconsistent with her claimed limitation would her activities have any bearing on her testimony. *See Reddick v. Chater,* 157 F.3d 715, 715 (9th Cir, 1998); *see also Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989) ("It is only when a 'claimant is able to spend a substantial part of h[er] day engaged in pursuits involving performance of physical functions that are transferable to a work setting, [that] a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain.").

Here the record shows Plaintiff went camping on one weekend and paid a heavy price for the activity. Her medical records indicate "Fibromyalgia syndrome. Issues of pain worsening over the weekend in her shoulders and mid to upper back. She went camping over the weekend and that seemed to cause it with traveling for one hour each way." Tr. 602. Substantial evidence thus does not support the ALJ's finding that Plaintiff's one camping trip contradicts her testimony about the severity of her pain.

1     Finally, the ALJ found Plaintiff's pain medication treatment undercut her testimony. The
2  ALJ found "[i]n September 2017, Megan Gebhardt, PA noted that the claimant's fibromyalgia
3  and overall pain was well controlled on Lyrica. She admitted she was doing well overall." Tr. 22.
4  However, PA Gebhardt's report states: "She reports running out of Lyrica a couple of weeks ago
5  and has noticed *worsening* pain with this. She would like to restart today. Otherwise, she reports
6  doing well overall. … Pain is *seemingly* well controlled on Lyrica." Tr. 880.  (emphases added).
7     Plaintiff contends the ALJ erroneously distorted the report's import by omitting the
8  words "worsening" and "seemingly." Regardless of how the report is characterized, a review of
9  Plaintiff's medical records – both before and after the encounter in question – leads to only one
10 conclusion: Plaintiff's fibromyalgia pain waxed-and-waned while taking Lyrica, but her pain was
11 not well controlled by the medication as the ALJ found. *See, e.g.*, Tr. 849 (September 2017,
12 "Patient continues to have fibromyalgia issues for which she is taking Lyrica"); Tr. 855
13 (September 2017, "she rates severity of her pain as 10/10"); Tr. 860 (September 2017, reported
14 "worst headache she has had in her life" and "arms and legs are still aching"); Tr. 863 (August
15 2017, reported "forearm pain in the muscles and joints for about 2 weeks"); Tr. 969 (December
16 2016, reported "pain was all over"); Tr. 974 (November 2016 regular follow-up report reads, in
17 part: "She has continued on Lyrica and does feel that this helps"); Tr. 989 (October 2015,
18 reported "feels as if she has been 'hit by a truck'"). The ALJ's finding that PA Gebhart's note
19 contradicted Plaintiff's testimony is thus not supported by substantial evidence and is therefore
20 erroneous.
21    The Court also notes the ALJ rejected Plaintiff's testimony because Dr. Yujin Kim, M.D.,
22 indicated Plaintiff did not need a disabled parking permit. However, Dr. Kim did not indicate
23 Plaintiff does not suffer from pain or fatigue. Rather Dr. Kim noted Plaintiff reported there are

ORDER REVERSING THE COMMISSIONER AND REMANDING FOR
FURTHER PROCEEDINGS - 6

days when she cannot walk far "because of the back pain." Tr. 818. Dr. Kim decided Plaintiff's walking problems did not meet the criteria for a disabled parking permit, but ventured no opinions about Plaintiff's pain complaints. Hence, substantial evidence does not support the ALJ's finding that the denial of the parking permit contradicts Plaintiff's testimony about the severity of her pain complaints.

In sum, the ALJ erroneously rejected Plaintiff's testimony. The ALJ relied upon medical records and activities that do not contradict Plaintiff's claim that she suffers from pain and fatigue related to fibromyalgia. In fact, none of the records the ALJ cited to addressed Plaintiff's fatigue complaints. The error was not harmless because it resulted in a residual functional capacity determination that failed to assess the full extent of Plaintiff's limitations. *See Celaya v. Halter,* 332 F.3d 1177, 1182 (9th Cir. 2003) (ALJ must consider all limitations and restrictions when assessing the RFC). The Court accordingly **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reassess Plaintiff's testimony regarding the severity of her fibromyalgia pain and fatigue, develop the record and redetermine Plaintiff's RFC as needed, and proceed to the remaining steps as appropriate.

DATED this 18th day o December 2020.

BRIAN A. TSUCHIDA
United States Magistrate Judge